**Donald Lee KIRBY, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 28391**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 12, 1970.

Paul W. Buchschacher, W. Robert Dyer, Jr., Wynne, Jaffee & Tinsley, Dallas, Tex., for petitioner-appellant.

Donald Lee Kirby, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., for respondent-appellee.

Before WISDOM, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

■ This appeal is taken from an order of the district court denying the petition of a Texas resident for habeas corpus relief. We affirm[1] for the reasons set out in the opinion of the district judge denying the writ. Judge Taylor's opinion is reprinted in full below.

Affirmed.

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

DONALD LEE KIRBY,
Petitioner,

versus Civil Action No. 3–2539

DR. GEORGE J. BETO, Director
Texas Department of Cerrections,
Respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

BY AGREEMENT of the parties the above styled and numbered cause was submitted for determination based on briefs.

■ Issue was joined by counsel for both parties on the question of whether or not Petitioner was denied due process of law by reason of the fact that the search warrant issued to Dallas police officers was served outside of the city limits of Dallas but in the city limits of Irving, where an Irving police officer accompanied the Dallas officers and was present in the vicinity of Petitioner's apartment at all times during the service and execution of said search warrant, or by reason of the fact that entry to Petitioner's apartment was gained through consent of the landlord, which consent was obtained by showing the landlord a photograph of Petitioner rather than the search warrant.

This Court does not feel that Petitioner was denied due process of law by reason of the admission of evidence obtained from the search in question. The search was a legal one.

As for the first half of the issue concerning whether the officers who served the warrant had authority to do so, this Court feels that they did have the au-

parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I; and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

**260**

thority. One of the five officers making the search was an Irving officer, so that although the Dallas officers were outside their jurisdiction, the Irving officer was within his jurisdiction and as stated in Irwin v. State, 147 Tex.Cr.R. 6, 177 S.W. 2d 970 (1944), "It is immaterial whether others unauthorized to execute the warrants were present and assisted * * *."

█ The second part of the issue deals with the method of obtaining entry into the Petitioner's apartment. Art. 18.16 of Vernon's Ann.C.C.P. reads:

> "The officer shall, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of his purpose to the person who has charge of, or is an inmate of, the place, or who has possession of the property described in the warrant."

The Court in Justice v. State, 112 Tex. Cr.R. 586, 18 S.W.2d 657 (1929) referring to this article, says:

> "A failure to give the notice provided in the article quoted would not, in our opinion, render the search illegal, and therefore would not result in the rejection of the evidence obtained as a result thereof."

The Petitioner was not present when the police arrived and they entered his apartment in the most convenient and least destructive manner. No consent was necessary. The officers did not have to show the warrant to the Petitioner or anyone that might represent him such as the manager. The key was obtained from the manager to unlock a passage way so that the officers could search an enclosure pursuant to a warrant they possessed at that time. So the method of obtaining entry was legal also.

It is accordingly, ordered, adjudged and decreed by the Court that Petitioner's Application for Writ of Habeas Corpus be and the same is hereby denied.

The Clerk of this Court is directed to notify the attorney for Petitioner and the Office of the Attorney General of Texas by sending to them true copies of this Order.

ENTERED at Dallas, Texas, this 6 day of August, 1969.

/s/ W. M. Taylor
    UNITED STATES DISTRICT
    JUDGE