* Honorable William H. Hastie, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

The Clerk of this court is directed to furnish a copy of this opinion and the briefs and appendix in this case to the Interstate Commerce Commission.

Enforcement granted.

Donald Lee KIRBY, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–2267

Summary Calendar *

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1973.

Rehearing Denied March 8, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al. 5th Cir. 1970, 431 F.2d 409, Part I.

Donald Lee Kirby, pro se.

Crawford Martin, Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Petitioner was convicted in Texas state court of unlawful possession of heroin and was sentenced to fifteen years imprisonment. The District Court dismissed his petition for habeas corpus relief on the merits. We find, however, that the petition should have been dismissed for failure to exhaust state remedies.

This Court affirmed a prior denial of habeas corpus relief to the appellant. Kirby v. Beto, 426 F.2d 258 (5th Cir. 1970). The grounds for relief set out in the instant habeas petition, however, are different from those alleged in the appellant's earlier federal petition. In this petition Kirby alleges: (1) the contraband seized was inadmissible because it was not listed on the search warrant; (2) the search warrant was invalid because it was obtained through false swearing; and (3) the search warrant was invalid for lack of probable cause because the informer was not a credible person. These contentions were not urged on Kirby's direct state criminal appeal or in any state habeas corpus petition.

The record shows that petitioner has failed to exhaust his available state remedies, as required by 28 U.S.C.A. § 2254. The contentions stated in the present habeas petition have yet to be considered by the Texas Court of Criminal Appeals under Article 11.07 of the Texas Code of Criminal Procedure, Vernon's Ann. St. See St. Jules v. Beto, 462 F.2d 1365 (5th Cir. 1972).

Vacated and remanded with directions.