Opinion
RICKARD, J.
Appellant, charged with being under the influence of a controlled substance (Health & Saf. Code, § 11550), has appealed from the denial of his motion to suppress.
Facts
Officers of the Police Department of the City of Santa Barbara knew that appellant was on parole “subject to search and seizure.” They also had been advised by an anonymous but reliable informant that appellant was using heroin.
On October 8, 1976, the officers saw appellant’s vehicle proceeding southbound on Highway 101 in Santa Barbara County and elected to detain appellant for questioning. They radioed for a backup unit and eventually detained appellant at the Main Street off ramp within the City of Ventura. Evidence was seized following the detention which prompted the filing of this charge.[1]
The People acknowledged that section 830.1, subdivision (a) of the Penal Code was inapplicable since at the time the detention occurred, the officers were unaware that appellant had committed a particular offense within the City of Santa Barbara. The People further conceded *Supp. 38 that Penal Code section 830.1, subdivision (c) did not apply, because no public offense had been committed in the officer’s presence which posed an immediate danger to persons or property or where there was a risk of escape; therefore, the detention would only be justified if the officers had the prior consent of the appropriate official.
The People concede that the detention occurred in the City of Ventura and that neither the chief of police nor his deputies had empowered the Santa Barbara City police officers to act as peace officers within the City of Ventura. However, the Sheriff of Ventura County had issued a letter wherein he stated that any regularly sworn, salaried peace officer of the City of Santa Barbara “shall have the authority of a peace officer at all times within the political subdivision for which I can give consent.”
Issue Presented
Does Penal Code section 830.1, subdivision (b) permit the Sheriff of Ventura County to empower a Santa Barbara police officer to act as a peace officer in all parts of Ventura County?
Discussion
Penal Code section 830.1 provides in pertinent part as follows:
“Any sheriff, undersheriff, or deputy sheriff, regularly employed and paid as such, of a county, any policeman of a city, any policeman of a district authorized by statute to maintain a police department, any marshal or deputy marshal of a municipal court, or any constable or deputy constable, regularly employed and paid as such, of a judicial district is a peace officer. The authority of any such peace officer extends to any place in the state:
“(a)...................
“(b) Where he has the prior consent of the chief of police, or person authorized by him to give such consent,,if the place is within a city or of the sheriff, or person authorized by him to give such consent, if the place is within a county; or
“(c)...................”
It has been held that there is no requirement that the consent be in writing or be evidenced in any particular manner. (People v. Blake (1971) *Supp. 39 21 Cal.App.3d 211, 217 [98 Cal.Rptr. 409].) Further, since a sheriff is empowered to appoint as many deputies as are necessary for the prompt and faithful discharge of his office (Gov. Code, § 24101), and a statute which confers the same powers upon his deputies (Gov. Code, § 24100), it has been held that deputy sheriffs may empower city police officers to act as peace officers within the unincorporated parts of a county. (People v. Woods (1970) 7 Cal.App.3d 382, 386-388 [86 Cal.Rptr. 508]; e.g., People v. Blake, supra (city police officers were so empowered when operating under the command of a sheriff’s officer). On the other hand, if no such consent is given, and the other provisions of section 830.1 are inapplicable, the officer’s powers when acting beyond their territorial limits are those conferred upon a private citizen under the same circumstances. (People v. Adalpa (1971) 17 Cal.App.3d 184, 188 [94 Cal.Rptr. 579].)
Appellant contends that Penal Code, section 830.1, subdivision (b) only permits a sheriff to empower visiting police officers to act as peace officers within the unincorporated parts of the county. We disagree.
Where there is no ambiguity or uncertainty as to the meaning of a section of the Penal Code, it should be applied according to its plain terms without further judicial construction. (In re Andrews (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97].) Section 830.1, subdivision (b) empowers the sheriff to give such consent if the “place” is “within the county.” Obviously, a “place” within the city is also a “place” within a given county. If the Legislature wanted to limit the sheriff’s power, the statute would have provided that the sheriff could give such consent only if the place was within the unincorporated portions of a county. Inasmuch as the Legislature did not choose to so limit the sheriff’s authority, we must assume that the Legislature knew what it was saying and meant what it said. (Pac. Gas & E. Co. v. Shasta Dam etc., Dist. (1955) 135 Cal.App.2d 463, 468 [287 P.2d 841].)
Even if a statute is somewhat uncertain, we must also give consideration to the consequences which flow from a particular interpretation. A practical construction is preferred to one which is absurd and a practical construction is required if a technical construction would lead to mischief or absurdity. (Stanley v. Justice Court (1976) 55 Cal.App.3d 244, 253 [127 Cal.Rptr. 532].)
It is well settled that a sheriff’s jurisdiction in law enforcement matters extends throughout his county. The sheriff has concurrent *Supp. 40 jurisdiction with that of the city police within the boundaries of any city within his county. (People v. Scott (1968) 259 Cal.App.2d 268, 280 [66 Cal.Rptr. 257]; 8 Ops.Cal.Atty.Gen. 149 (1946). See also 80 C.J.S., Sheriffs and Constables, § 36, p. 205.) If we were to adopt appellant’s contention, the traditional powers of a sheriff would be narrowly circumscribed. For instance, a visiting police officer engaged in a joint investigation with the sheriff’s office could not detain a suspect for questioning on his own initiative within a city without first securing the consent of the chief of police or a person authorized by him to give such consent. Indeed, a visiting police officer, authorized to act as a peace officer by the sheriff, who encountered a suspect traveling on a highway passing through various cities, would have to carry a map and insure that the detention occurred outside the city boundaries unless he had previously secured the consent of the various chiefs of police. That would be manifestly absurd.
We, therefore, hold that a regularly employed city police officer is empowered to act as a peace officer within any other city if (I) he has the prior consent of the chief of police of that city or a person authorized by him to give such consent, or (2) by the sheriff of the county in which the city is located, or by a person authorized by him to give such consent.[2]
In this case, the officers were given such authority by the sheriff. Therefore, the detention was proper.
Disposition
The order is affirmed. Appellant Paul Felix Pina is directed to be present in the Municipal Court of the Santa Barbara-Goleta Judicial District on July 8, 1977, at 8:30 a.m., in the department of the judge then assigned to hear the criminal calendar. Criminal proceedings against him shall resume at that time.
Westwick, P. J., and Stevens, J., concurred.

 Presumably, the charges were lodged in Santa Barbara County on the theory that this was a continuing offense and that the exact locus of the offense could not be readily ascertained.

 Our decision insures that the visiting officer will continue to be accountable. If a local police department feels that a visiting officer is on a lark, or interfering with one of their own investigations, a call to his immediate employer should readily solve the problem.