[Cite as *State v. Arroyo*, 2013-Ohio-1176.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98300

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FLOR ARROYO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542079

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEY FOR APPELLANT**

Rufus Sims
75 Public Square
Suite 1111
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Erica Barnhill
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Flor Arroyo ("Arroyo"), appeals his convictions for drug trafficking and drug possession. We find no merit to the appeal and affirm.

{¶2} Arroyo was charged with 12 drug-related offenses arising from his activities on three separate dates: two counts of trafficking and one count of drug possession stemming from a drug transaction on March 22, 2010, in Cuyahoga County; two counts of trafficking and one count of drug possession stemming from a drug transaction on April 15, 2010, in Cuyahoga County; and two counts of trafficking, two counts of drug possession, one count of having weapons while under disability, and one count of possession of criminal tools stemming from a drug transaction that occurred on July 16, 2010, in Medina County.

{¶3} Arroyo pleaded not guilty to all the charges. He elected to have the counts dealing with the alleged drug activity in Medina County be tried to a jury. The remaining counts involving the alleged drug offenses in Cuyahoga County were tried to the bench. At the conclusion of trial, the court found Arroyo guilty of four counts of trafficking and two counts of possession and not guilty of having weapons under disability. The jury acquitted him of all charges arising from the Medina County transaction. The trial court subsequently sentenced Arroyo to 12 years in prison.

{¶4} Arroyo now appeals and raises three assignments of error.

**Manifest Weight of the Evidence**

{¶5} In his first assignment of error, Arroyo contends that his convictions are against the manifest weight of the evidence. He argues that because Detective Valentino ("Det. Valentino") did not actually see drugs exchanged during the March 22nd transaction, nor did he see Arroyo with any drugs during the April 15th transaction, there is no evidence that Arroyo engaged in any drug-related activity. We disagree.

{¶6} In a bench trial, the court assumes the fact-finding function of the jury. To warrant reversal under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶7} Regarding the March 22, 2010 transaction, Arroyo contends the convictions were against the manifest weight of the evidence because a confidential source arranged the purchase with Alvin Caraballo ("Caraballo"), a codefendant, and not with Arroyo himself, and the investigating officer, Det. Valentino, did not see the exchange of drugs. While Arroyo may not have been involved in the set up of the sale, there was evidence that he directly exchanged drugs for money with the confidential source.

{¶8} At trial, Det. Valentino testified that Caraballo instructed a confidential source, with whom the detective was working, to come to 3651 West 103rd Street in Cleveland to purchase heroin. He testified that when he and the confidential source arrived, he observed Arroyo exit the residence. He observed Arroyo walk to the driveway where he met the confidential source, who was carrying the "buy" money. Det. Valentino testified he witnessed a hand-to-hand exchange between the confidential source and Arroyo. The confidential source returned to the vehicle without the "buy" money, but with 18.64 grams of heroin wrapped in plastic. Det. Valentino testified that the transaction occurred in daylight and that he had a clear, unobstructed view of their actions.

{¶9} The evidence established that Det. Valentino observed Arroyo sell drugs to the confidential source in broad daylight. Under these circumstances, we cannot say that the trier of fact lost its way when it found Arroyo guilty.

{¶10} Regarding the April 15, 2010 transaction, Arroyo argues there was no evidence that he either arranged the drug transaction or that he transported the drugs for sale. We find this argument unsupported by the record.

{¶11} Det. Valentino testified that he met Caraballo at a restaurant, the Pizza Planet, in Cleveland to purchase heroin. Caraballo did not have the drugs in his possession, but indicated that they were on the way. After waiting approximately 45 minutes, Caraballo exited the Pizza Planet and returned moments later with Arroyo and

the drugs needed to complete the transaction. Det. Valentino gave Caraballo $3,800 in exchange for heroin.

{¶12} Detective Duane Duke ("Det. Duke"), a narcotics detective with the Cleveland Police Department, testified that he conducted surveillance outside the Pizza Planet. He videotaped Det. Valentino's meeting with Caraballo as well as Caraballo's meeting with Arroyo outside the restaurant. The video showed the three men walk back into the Pizza Planet after Arroyo's arrival.

{¶13} The state played the videotape at trial. Although Det. Valentino did not witness Arroyo hand the drugs to Caraballo, the circumstantial evidence indicates that Arroyo arrived at the Pizza Planet with heroin and gave it to Caraballo, who sold it to Det. Valentino. "Circumstantial evidence and direct evidence inherently possess the same probative value * * *." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus.

{¶14} In addition to hearing the testimony of Dets. Valentino and Duke, the court further viewed the videotape of the scene where the April 15, 2010 transaction occurred. The events depicted in the videotape corroborate Det. Valentino's testimony suggesting that Arroyo delivered the drugs for sale. Based on this evidence, we find the manifest weight of the evidence supports the trier of fact's verdict finding Arroyo guilty.

{¶15} Accordingly, the first assignment of error is overruled.

**Law Enforcement Authority to Act**
**Outside Jurisdictional Limits**

{¶16} In his second assignment of error, Arroyo claims that Cuyahoga County deputies and Cleveland police officers had no authority to act in Medina County and that any evidence obtained as a result of their actions was illegally obtained and should have been suppressed. However, because Arroyo failed to raise this argument in the trial court, he waived all but plain error. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 52.

{¶17} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id.* at paragraph two of the syllabus.

{¶18} Generally, a police officer may not execute a search warrant outside his territorial jurisdiction. Crim.R. 41. However, "[t]he fact that officers from another jurisdiction participated in a search does not invalidate the search if an officer of the jurisdiction in which the warrant is executed accompanies the other officers and remains present at all times." *State v. Miller*, 9th Dist. No. 12198, 1986 Ohio App. LEXIS 5412, *3 (Jan. 22, 1986), citing *Kirby v. Beto*, 426 F.2d 258 (5th Cir.1970).

{¶19} The third transaction that ultimately led to Arroyo's arrest occurred in Medina County. Det. Valentino arranged a controlled drug transaction with Arroyo's codefendant, Andres Cruz ("Cruz"). Cruz suggested that the transaction take place at his home in Medina. Det. Valentino, in conjunction with the Cuyahoga County Sheriff's Office, contacted the Medina County Drug Task Force for assistance. Together, they obtained a search warrant from a Medina Municipal Court judge for the search of Cruz's home. The warrant was addressed to the Medina County Sheriff's Office, the Cuyahoga County Sheriff's Office, and the Cleveland Police Department. Officers from all three departments set up surveillance of Cruz's home and prepared for a take down of the drug transaction. When Det. Valentino arrested Arroyo, he was working with Medina authorities, and therefore had jurisdiction to effect the arrest.

{¶20} Furthermore, Arroyo was acquitted of all charges arising from the Medina County incident. Arroyo's convictions that arose from drug transactions that occurred on March 22, 2010, and April, 15, 2010, were supported by the manifest weight of the evidence and were not dependent on any evidence obtained in Medina County. Had evidence of the Medina County incident been suppressed, the outcome of Arroyo's trial would not have been different because the evidence obtained in Medina County did not contribute to his convictions.

{¶21} Therefore, the second assignment of error is overruled.

**Ineffective Assistance of Counsel**

{¶22} In his third assignment of error, Arroyo contends he was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to argue that Cuyahoga County deputies and Cleveland police officers acted outside of their jurisdiction when they pursued him in Medina County.

{¶23} The United States Supreme Court established a two-pronged test for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. *Id.* at 692. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. *Id.* A defendant establishes prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

{¶24} Even if Arroyo's trial counsel was deficient by failing to object to the admission of any evidence from the Medina County transaction, he was not deprived of a fair trial, and the outcome would not have been different. As previously explained, Det. Valentino observed Arroyo conduct a sale of drugs on March 22, 2010, on the sidewalk outside a house located at 3651 West 103rd Street in Cleveland during daylight hours.

Likewise, there was circumstantial evidence establishing that Arroyo delivered drugs for the transaction that occurred at Pizza Planet on April 15, 2010. Because Arroyo would have been convicted of these offenses, even in the absence of any evidence from the Medina County incident, trial counsel's failure to object to this evidence was insignificant and did not constitute ineffective assistance of counsel.

{¶25} Accordingly, the third assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR