NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROY ALEXANDER ODDO, *Appellant.*

No. 1 CA-CR 14-0105

FILED 11-18-2014

Appeal from the Superior Court in Maricopa County
No. CR2013-436671-001
The Honorable J. Justin McGuire, *Commissioner*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1 Defendant Roy Oddo timely appeals the trial court's order reinstating his probation. After searching the record on appeal and finding no arguable question of law that was not frivolous, Oddo's defense counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this Court to review the record for fundamental error. Oddo has been afforded an opportunity to file a supplemental brief *in propria persona*, and has not done so. After examining the record, we find no error and therefore affirm the reinstatement of his probation.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 In October 2013, Oddo pleaded guilty to possession of drug paraphernalia, a class 6 undesignated felony.[2] That same day, the trial court

---

[1] We view the evidence in the light most favorable to upholding the trial court's findings that Oddo violated the conditions of his probation. *See State v. Vaughn*, 217 Ariz. 518, 519 n.2, ¶ 3, 176 P.3d 716, 717 n.2 (App. 2008) (citing *State v. Maldonado*, 164 Ariz. 471, 473, 793 P.2d 1138, 1140 (App. 1990)).

[2] Oddo was initially charged with one count of possession of dangerous drugs, a class 4 felony, and one count of possession of drug paraphernalia, a class 6 felony. He originally pleaded guilty to the possession of drug paraphernalia charge in August 2013 in exchange for dismissal of the possession of dangerous drugs charge. The original plea agreement erroneously listed the possession of drug paraphernalia charge as a class 6 designated felony, rather than a class 6 undesignated felony; it also required Oddo be placed on supervised probation. On October 13, 2014, he entered into an amended plea agreement that corrected the designation error and also provided that Oddo be placed on unsupervised probation with compliance monitoring.

suspended imposition of sentence and placed Oddo on unsupervised probation for eighteen months.

¶3            In December 2013, the probation department filed a petition to revoke Oddo's probation. The petition alleged Oddo failed to comply with nine separate conditions of his probation. A witness violation hearing was held in January 2014. On the State's motion, the trial court dismissed all but one of the allegations contained within the petition; the remaining allegation asserted Oddo violated Term 17 of his probation, which required him to "complete a total of 24 hours of community restitution at a rate of 4 hours per month." At hearing, the uncontroverted testimony of Oddo's probation officer established that he had not yet completed any hours of community restitution.

¶4            At the conclusion of the hearing, the trial court found, by a preponderance of the evidence, that Oddo had violated Term 17 of his probation. The trial court then reinstated Oddo's probation.

## DISCUSSION

¶5            We have read and considered counsel's brief and have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. The trial court's finding that Oddo violated a condition of his probation was supported by the evidence. *See State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980) (noting a trial court's finding of a probation violation will be upheld "unless it is arbitrary or unsupported by any theory of evidence") (citing *State v. LeMatty*, 121 Ariz. 333, 336, 590 P.2d 449, 452 (1979)). All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and so far as the record reveals, Oddo was represented by counsel at all stages of the proceedings. Further, the probation imposed was within the statutory limits.

¶6            After the filing of this decision, defense counsel's obligations pertaining to Oddo's representation in this appeal have ended. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Counsel need do no more than inform Oddo of this appeal's outcome and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *Id.*

¶7            Oddo has thirty days from the date of this decision to file a petition for review as a self-represented litigant, if he so wishes. *See* Ariz. R. Crim. P. 31.19(a). Upon our own motion, we also grant Oddo thirty days

from the date of this decision to file a motion for reconsideration in his self-represented capacity.

**CONCLUSION**

**¶8** Based upon the foregoing, we affirm the reinstatement of Oddo's probation.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : gsh