NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

ANGELIQUE GONZALES, *Appellant*.

No. 1 CA-CR 15-0206
FILED 9-22-2015

Appeal from the Superior Court in Apache County
No.  S0100CR201300020
S0100CR201300244
The Honorable Gloria Kindig, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Emily Danies, Attorney at Law, Tucson
By Emily L. Danies
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

**N O R R I S,** Judge:

¶1        Angelique Gonzales timely appeals from her probation revocations and disposition sentences. After searching the record on appeal and finding no arguable question of law that was not frivolous, Gonzales' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Gonzales to file a supplemental brief *in propria persona*, but Gonzales did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Gonzales' probation revocations and disposition sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        In November 2013, Gonzales pleaded guilty to one count of aggravated assault, a class three felony, in CR 2013-00020 ("the assault case"), and to one count of failure to appear, a class five felony, in CR 2013-00244 ("the non-appearance case"). The superior court placed Gonzales on concurrent terms of five years' probation in the assault case and three years' probation in the non-appearance case. The terms and conditions of her probation prohibited Gonzales from: participating in criminal activity ("Term 1"); possessing or using illegal drugs or controlled substances ("Term 12"); and knowingly associating with anyone with a criminal record or engaged in criminal behaviors ("Term 13").

_____

[1]In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant has violated the terms of his or her probation. Ariz. R. Crim. P. 27.8(b)(3). We review the superior court's determination that a defendant violated his or her probation for an abuse of discretion. *See State v. LeMatty*, 121 Ariz. 333, 335-36, 590 P.2d 449, 451-52 (1979). Accordingly, we will not reverse the superior court's factual finding the defendant violated his or her probation unless the finding was "arbitrary and unsupported by any reasonable theory of evidence." *Id*. at 336, 590 P.2d at 452.

¶3            In April 2014, the superior court found Gonzales had violated Term 1 of her probation after law enforcement arrested her for trafficking in stolen property. The superior court placed her on intensive probation in both cases. The court also specifically directed Gonzales not to have contact with O.W. because O.W. "ha[d] a pending criminal case."

¶4            In June 2014, a probation surveillance officer checked on Gonzales at her home. Gonzales took five minutes to answer the door and told the officer she was not feeling well. The officer performed a walk-through of her home and found two pharmacy bags on the dining table. Both prescriptions were in O.W.'s name; one was for hydrocodone, a narcotic, but it was not in the bag. The officer then tested Gonzales for drugs, searched her home, and found a pill bottle for hydrocodone in the bathroom medicine cabinet, with several pills missing.

¶5            The State petitioned to revoke Gonzales' probation, alleging she had violated probation Term 1 (denominated Count II) and Term 12 (denominated Count I). At the revocation hearing, the officer testified the drug test results were positive for hydrocodone and hydromorphone. O.W. also testified, stating that she was spending as much as 65-75% of her time living with Gonzales. At the conclusion of the hearing, and without objection, the court allowed the State to amend Count II of the petition to also include use of a narcotic, and to add a Count III, alleging a violation of Term 13, for associating with O.W.

¶6            The superior court found, by a preponderance of the evidence, that Gonzales had violated Terms 1, 12, and 13 of her probation. In the assault case, the court sentenced her to the presumptive term of three and a half years with 307 days of presentence incarceration credit, and in the non-appearance case to the presumptive term of one and a half years with 105 days of presentence incarceration credit, with the sentences to run consecutively.

## DISCUSSION

¶7            We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. The probation revocation proceedings substantially complied with the Arizona Rules of Criminal Procedure. Gonzales was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶8            The evidence presented at the hearing was substantial and supports the probation revocations. The superior court received and considered a predisposition report; Gonzales was given an opportunity to

speak at the disposition hearing and did so; and her disposition sentences were within the range of acceptable sentences for her offenses. Ariz. Rev. Stat. ("A.R.S.") §§ 13-702, -1204, -2507 (2010 & 2015 Supp.); Ariz. R. Crim. P. 27.8(c)(2).[2]

**CONCLUSION**

**¶9**　　　　We decline to order briefing and affirm Gonzales' probation revocations and disposition sentences.

**¶10**　　　　After the filing of this decision, defense counsel's obligations pertaining to Gonzales' representation in this appeal have ended. Defense counsel need do no more than inform Gonzales of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11**　　　　Gonzales has 30 days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Gonzales 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[2]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Gonzales' offenses, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.