NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

STEPHEN EUGENE EATON, *Appellant*.

No. 1 CA-CR 15-0163
FILED 10-8-2015

Appeal from the Superior Court in Yavapai County
No. V1300CR201180442
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yavapai County Public Defender's Office, Prescott
By John David Napper
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

**N O R I S,** Judge:

¶1        Stephen Eugene Eaton timely appeals from his probation revocation and disposition sentence.  After searching the record on appeal and finding no arguable question of law that was not frivolous, Eaton's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.  This court granted counsel's motion to allow Eaton to file a supplemental brief *in propria persona*, but he did not do so.  After reviewing all relevant portions of the record concerning Eaton's probation revocation proceedings, we find no fundamental error and, therefore, affirm Eaton's probation revocation and disposition sentences.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On October 4, 2012, Eaton pleaded guilty to one count of aggravated DUI, a class 4 felony, and one count of possession of a dangerous drug (methamphetamine), a class 4 felony.  The superior court suspended imposition of sentence and placed Eaton on a five-year term of standard supervised probation to begin upon his release from a four-month prison term for the DUI offense.    The terms and conditions of Eaton's probation required him to "obey[] all laws" ("Term 1"); refrain from using illegal drugs and submit to drug and alcohol testing as required ("Term

---

[1]In a probation revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated the terms of his or her probation.  Ariz. R. Crim. P. 27.8(b)(3).  We review the superior court's determination that a defendant violated his or her probation for an abuse of discretion. *See State v. LeMatty*, 121 Ariz. 333, 335-36, 590 P.2d 449, 451-52 (1979).  Accordingly, we will not reverse the superior court's factual finding the defendant violated his or her probation unless the finding was "arbitrary and unsupported by any reasonable theory of evidence." *Id*. at 336, 590 P.2d at 452.

12"); and refrain from consuming any substance containing alcohol ("Term 16").

¶3  On July 25, 2014, Eaton's probation officer petitioned to revoke Eaton's probation, alleging Eaton had violated Term 1 by driving on a suspended license, Term 12 by failing numerous drug tests and admitting to methamphetamine use, and Term 16 by testing positive for alcohol three times.

¶4  At the probation revocation hearing, the superior court found, by a preponderance of the evidence, that Eaton had violated Terms 1, 12, and 16 of his probation. The court subsequently revoked Eaton's probation and sentenced him to the presumptive term of two and a half years' imprisonment on each count with 149 days of presentence incarceration credit on each count, with the sentences to run concurrently.

## DISCUSSION

¶5  We have reviewed all relevant portions of the probation revocation proceedings for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. The probation revocation proceedings substantially complied with the Arizona Rules of Criminal Procedure. Eaton was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6  The evidence presented at the hearing was substantial and supports the probation revocation. Eaton was given an opportunity to speak at the disposition hearing and did so; and his disposition sentences were within the range of acceptable sentences for his offenses. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-702, -3407, 28-1383 (2010); Ariz. R. Crim. P. 27.8(c)(2).

## CONCLUSION

¶7  We decline to order briefing and affirm Eaton's probation revocation and disposition sentences.

¶8  After the filing of this decision, defense counsel's obligations pertaining to Eaton's representation in this appeal have ended. Defense counsel need do no more than inform Eaton of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶9        Eaton has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Eaton 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama