NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFF DAVID GRAHAM, *Appellant.*

No. 1 CA-CR 16-0642
FILED 5-25-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201400567
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

J O N E S, Judge:

¶1          Jeff Graham appeals the revocation of his probation imposed following his conviction for one count of fraudulent schemes and artifices. After searching the entire record, Graham's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Graham was granted the opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the entire record, we find no error. Accordingly, Graham's sentence is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2          In July 2014, Graham pleaded guilty to one count of fraudulent schemes and artifices, a class two felony. The following month, the trial court suspended imposition of sentence and placed Graham on supervised probation for a period of four years. The conditions of Graham's probation required he refrain from using illegal drugs and alcohol, report to the probation department as directed, and submit to drug and alcohol testing. In September 2015, with Graham's consent, his probation was modified to require he be screened for and, if appropriate, participate in the drug court program.

¶3          In November 2015, the probation department petitioned to revoke Graham's probation. At the August 2016 contested hearing, Graham's probation officer testified and the State presented documents evidencing the terms and conditions of his probation and the purported violations. Graham did not testify. At the conclusion of the hearing, the trial court found Graham had violated the conditions of his probation on at least seven occasions by: (1) failing to comply with a written directive to participate in substance abuse counseling; (2) failing to submit to drug and alcohol testing on September 16 and 30, October 9 and 19, and November 2, 2015; and (3) using methamphetamine.

¶4 At disposition, the trial court revoked Graham's probation and sentenced him as a non-dangerous, non-repetitive offender to five years' imprisonment. Graham was also given credit for 226 days of presentence incarceration. Graham timely appealed, and this Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[1] 13-4031, and -4033(A)(3).

## DISCUSSION

¶5 Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The record contains sufficient evidence upon which the trial court could find the State had proved by a preponderance of the evidence that Graham violated his probation. *See* Ariz. R. Crim. P. 27.8(b)(3); *State v. Moore*, 125 Ariz. 305, 306 (1980) ("The conclusion of the trial court will be upheld unless it is arbitrary or unsupported by any theory of evidence.") (citing *State v. LeMatty*, 121 Ariz. 333, 336 (1979)). The court acted within its discretion by revoking Graham's probation and sentencing him to a term of imprisonment. *See* A.R.S. § 13-901(C) ("[I]f the defendant . . . violates a condition, [the court] may revoke probation in accordance with the rules of criminal procedure at any time before the expiration or termination of the period of probation."). And the sentence imposed was within the range authorized by law. *See* A.R.S. § 13-702(D).

## CONCLUSION

¶6 Graham's sentence is affirmed.

¶7 Defense counsel's obligations pertaining to Graham's representation in this appeal have ended. Defense counsel need do no more than inform Graham of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶8 Graham has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz.

---

[1] Absent material changes from the relevant date, we cite a statute's current version.

R. Crim. P. 31.19(a). Upon the Court's own motion, we also grant Graham thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA