[Criminal No. 946. Filed October 2, 1944.]

[152 Pac. (2d) 129.]

THE STATE OF ARIZONA, Appellee, v. WILLIAM J. TITUS and HAROLD E. WALES, Jr., Appellants.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, Mr. James A. Walsh, County Attorney, and Mr. R. H. Renaud, Deputy County Attorney, for Appellee.

Mr. Harold J. Janson, for Appellants.

STANFORD, J.—Appellants were convicted in the Superior Court of Maricopa County for the crime of robbery. The appellant Titus was sentenced to the penitentiary for a period of not less than five nor more than ten years; the appellant Wales was given a sentence of from seven to fifteen years.

Appellants submit three assignments of error: (1) That the court erred in admitting in evidence the guns found upon the person of defendants in their room in Los Angeles, California, because there was no connection shown between the gun used in the robbery and the guns found in California. (2) The court erred in giving its instruction on alibi. (3) That the prosecuting attorney in the trial of the cause made certain remarks that were prejudicial to the rights of appellants.

Appellants contended that neither of the two revolvers found in their room, one upon the person of one of them and one in the room, was identified as the weapon used in the crime committed, and quote the following from 22 C. J. S., Criminal Law, § 712, p. 1209:

" . . . To warrant the admission in evidence of an instrument or weapon as the one with which the crime was committed, a *prima facie* showing of identity and connection with the crime is necessary and sufficient; . . . ."

Among the other cases referred to by appellants is the case of *People* v. *Smith,* 55 Cal. App. 324, 203 Pac. 816, 819, where, in that case there is a quotation from Wharton's Criminal Evidence, Vol. 2, Par. 915:

" 'Circumstances, trivial in themselves, take on an exaggerated character the moment that suspicion is directed toward a person accused of a crime; and, because of this tendency, no circumstances should be admitted that cannot be shown to have a direct and obvious relevancy to the crime charged.' "

In this respect the appellee submits the case of *Adkins* v. *State,* 42 Ariz. 534, 28 Pac. (2d) 612, 616. This is a case where the appellant was charged with the crime of kidnaping, and where the officers investigating the abduction came across accused's home while in pursuit of persons who had fired upon them, and while in the home found a flash light, cartridges and other articles. Our court in that case said:

" . . . The officers were, therefore, lawfully within the home of appellant, and upon such lawful entry they had the right to make a reasonable search for any articles used in the commission of the crime of shooting at the officers, and in such search if they found any articles which they believed to have been used in the commission of the crime of kidnaping, they had the right to take possession of such articles for the purpose of using them in evidence."

At the time of the finding of the two revolvers in question, both of which were admitted in evidnce, the California officers were lawfully within the room of one of the appellants and found upon the person of Titus a twenty-five automatic revolver loaded with shells. The other weapon was a thirty-two nickel plated revolver admitted by appellant Wales to be his gun. The important thing for us to determine is whether or not these defendants were prejudiced in any way by the presence of these guns not being

identified as the one used in the robbery in Maricopa County. We cannot see that they have been injured by the introduction of these weapons in evidence at the trial.

 The next contention is that the court in giving its instruction of an alibi erred in the use of the following words:

" . . . The burden in that rests upon the accused to show his innocence or to disprove the facts necessary to establish the crime with which he is charged. . . . "

Just following the above quotation taken from the instructions, are the further instructions of the court:

" . . . The defendant's presence at and participation in the *corpus delicti,* the crime, are affirmatively material facts which the prosecution must show beyond a reasonable doubt to sustain a conviction.

"You are instructed that you must consider all the evidence in the case, including that relating to the alibi, and determine from the whole evidence whether it was shown beyond a reasonable doubt that the defendants committed the crime with which they are charged. The burden of proof was not changed when the defendants offered testimony by way of an alibi, and if by reason of the evidence in relation to such alibi the jury should doubt the defendants' guilt, or the guilt of either of them, each of them or both of them would be entitled to an acquittal, although the jury may not be able to say that the alibi had been fully proved."

We find the completed instructions clarify any possibility that reversible error could have been committed, and we find no error in the second assignment. Especially is this true when we consider the case of *Sullivan* v. *State,* 47 Ariz. 224, 55 Pac. (2d) 312, where the court set forth a test for determining whether or not instructions contained reversible error.

■ The third assignment of error is the complaint of appellants against language of the county attorney used at the trial, and in particular the following words:

" . . . Their testimony is that they weren't there on the night of December 22nd. Could you expect anything else from a man on trial for his liberty? Could you expect anything else from boys after they have committed a very heinous crime to say, 'I wasn't there, I didn't do it.' No."

Appellants submit in support of their contention, the case of *Parroccini* v. *State,* 90 Tex. Cr. R. 320, 234 S. W. 671, 673, and in that case it was held that it was improper argument for the prosecuting attorney to express his personal belief of the guilt of a defendant. The prosecutor in that case said, among other things, "I believe this defendant is guilty." In respect to the case the court commented:

"No special charge was asked directing the jury not to consider these arguments, and hence it cannot be considered. . . . "

Also the appellants cite the case of *Britt* v. *State,* 25 Ariz. 419, 218 P. 981, 983, wherein the prosecuting attorney in his argument stated:

" 'I know the defendant is a bootlegger; the defendant knows he is a bootlegger, and defendant's counsel knows that I know that the defendant is a bootlegger.' . . . "

The court in the Britt case reversed the judgment, but as to the particular language above quoted, said:

" . . . Under the rules it is not properly before us for consideration, and we give it only for the purpose of showing the unfair and oppressive conduct of prosecutor." Accordingly we do not think the Britt case is at all similar to the case at bar.

This issue is determined by our case of *Cochrane* v. *State,* 48 Ariz. 124, 59 Pac. (2d) 658, 662, from which we quote the following:

"The excerpt from the argument of the county attorney, in his closing address to the jury, complained of as not based on the facts and as prejudicial, was called to the attention of the court by defendant's counsel as follows:

" 'Mr. Wilson: If your Honor pleases, I think the County Attorney has argued long enough trying to convict this man of something he has already been convicted of and paid his price to the state for.'

"It is doubtful if this remark was intended to call for a ruling of the court, but if it was it was made after the county attorney's statement to the jury. If defendant was of the opinion that the statement was not based on facts disclosed by the evidence and was prejudicial to his cause, he should have moved that it be expunged and the jury directed to disregard it. He did neither. Under the circumstances, no question was reserved for review. *Sullivan* v. *State* [47] Ariz. [224], 55 Pac. (2d) 312."

In our state the prosecuting attorney should not in his argument usurp the right of the jury and say that a defendant is guilty and thereby submit his personal opinion, but in the case at bar we find no reversible error committed and accordingly the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.