440 P.2d 914
**STATE of Arizona, Appellee,**
v.
**Ben Charles ABNEY, Appellant.**
No. 1739.

Supreme Court of Arizona.
In Banc.
May 8, 1968.

Darrell F. Smith, Atty. Gen., William E. Eubank, Chief Asst. Atty. Gen., for appellee.

Alan Philip Bayham, Phoenix, for appellant.

BERNSTEIN, Justice.

Defendant appeals from convictions rendered in the Superior Court of Maricopa County on one count of first degree burglary in violation of A.R.S. §§ 13–301 and 13–302, and on one count of first degree rape in violation of A.R.S. §§ 13–611 and 13–614, as amended 1962. The court sentenced the defendant to serve a term of not less than one nor more than fifteen years in the Arizona State Prison on the burglary conviction, and not less than ten nor more than twenty years on the rape conviction, with the sentences to run concurrently.

At 3:30 A.M. on April 28, 1966, the prosecutrix heard a noise at her window. When she went to discover what it was she saw the defendant climbing through the window. She screamed, there was a struggle, and she was knocked to the floor. Defendant grabbed her by the throat, placed his hand over her mouth, and told her that if she screamed again he would kill her. The noise awakened the young daughter of the prosecutrix who then began crying. Defendant told the mother to keep the child still or he would kill her also. Because of these threats of death both to her and her child the prosecutrix submitted to an act of sexual intercourse.

In his only assignment of error on this appeal the defendant contends that the prosecuting attorney in argument to the jury was guilty of misconduct prejudicial to his right to a fair and impartial trial. The language complained of follows:

"Ladies and gentlemen, of the jury, *I feel that the necessary elements of both of these charges have been fully proved.* Not only by competent evidence, by overwhelming evidence [sic]. *In my opinion,* people seldom, if ever, *you will*

*seldom if ever find a criminal case that affords the great amount of proof that we were able to present to you in this case."* (Emphasis added.)

■ Although we have held on various occasions that attorneys are given wide latitude in their arguments to the jury (State v. Hilliard, 89 Ariz. 129, 359 P.2d 66; State v. Thomas, 78 Ariz. 52, 275 P.2d 408; State v. McLain, 74 Ariz. 132, 245 P.2d 278) nevertheless, in closing argument an attorney should never express his personal belief in the defendant's guilt or innocence. Canon 15, Canons of Professional Ethics (1966); State v. Titus, 61 Ariz. 493, 152 P.2d 129.

In the case at bar the defendant made a motion for mistrial after the prosecutor finished his argument. The court denied the motion but instead gave the following cautionary instruction to the jury:

"* * * Statements or arguments of counsel are not evidence in the case.

"Furthermore, any inference in the argument of either counsel relating to personal opinion of counsel as to the state or sufficiency of the evidence, or which may have indicated to you that counsel has any opinion as to the guilt of the Defendant, to either charge, should be entirely disregarded by you. You, the jury, are the judges of the facts and the credibility of the witnesses."

■ We are of the opinion that the court's instruction was sufficiently definite, emphatic and forceful to nullify the possibly harmful consequences of the objectionable statement. State v. Stephens, 66 Ariz. 219, 186 P.2d 346; Blackburn v. State, 31 Ariz. 427, 254 P. 467.

The judgment is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.