· 505 P.2d 558

**STATE of Arizona, Appellee,**

v.

**Victor M. RODRIGUEZ, Appellant.**

**No. I CA–CR 458.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 23, 1973.

———◇———

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Phoenix, for appellee.

Ross P. Lee, Public Defender of Maricopa County, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Chief Judge, Division One.

· This appeal requires the court to determine whether a probation revocation hearing at which the defendant was not represented by counsel invalidates a subsequent revocation hearing where counsel was present representing the defendant.

Defendant's counsel, on appeal, has filed a brief in this court in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising as a justiciable issue the question set forth in the lead paragraph of this opinion.

The defendant was originally charged in the superior court of Maricopa County with possession of heroin. A.R.S. § 36–1002 (1961). Following a plea of guilty to ·this charge, the trial court placed the defendant on probation, and imposition of sentence was suspended for a period of five years. No question is raised as to the validity of the original plea of guilty.

One of the written conditions of probation was that the defendant "shall not possess, use, or traffic in any narcotic drugs, nor associate with any person that use (sic) or have (sic) used or trafficked in any narcotics in violation of the law."

The defendant began his probation on September 22, 1970. On July 28, 1971, the defendant appeared before the trial court pursuant to a petition to revoke probation. At this time, the defendant was without counsel. The trial court personally interrogated the defendant concerning the alleged violation of his terms of probation and at the conclusion of that interrogation entered.

an order revoking probation, set a date for sentencing, and entered an order appointing the Public Defender to represent the defendant at the sentencing.

Appointed counsel, after ascertaining that the defendant had not been represented by counsel at the revocation hearing, requested and received a second revocation of probation hearing. At this second hearing and while represented by counsel, the defendant admitted using heroin in contravention of the terms of probation. Following this second hearing the defendant's probation was again revoked, and he was sentenced to not less than two nor more than three years in the Arizona State Prison.

■■ There appears to be no doubt that an attorney must be afforded to a defendant at proceedings for revocation of probation. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). It is also apparent that failure to provide counsel does not prohibit the trial court from ever subsequently revoking probation, but merely voids the proceedings at which revocation was made without counsel. *See,* Mempa v. Rhay, *supra.*

■ In this case the initial revocation hearing held by the trial court where defendant was not afforded counsel was, under the holding of Mempa v. Rhay, *supra,* a nullity. However, a subsequent hearing was held where counsel was present. At this second hearing, sufficient evidence was adduced which would justify the trial court's finding that the defendant had violated the terms of his probation, and that probation should be revoked.

Under the facts of this case, we find no violation of defendant's rights to due process under either the Arizona or United States Constitutions. We have reviewed the record for any fundamental error as required by A.R.S. § 13–1715 (1956), and have found none.

The judgment and sentence of the trial court are affirmed.

EUBANK, P. J., and HAIRE, J., concur.