609 P.2d 575

**STATE of Arizona, Appellee,**

v.

**Cheyenne MOORE, Appellant.**

**No. 4900.**

Supreme Court of Arizona,

In Banc.

March 31, 1980.

Rehearing Denied April 22, 1980.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Defendant Cheyenne Moore appeals from the orders of the trial court revoking probation in two separate cases and from the sentences imposed in each case. By an order dated November 14, 1979, these appeals were consolidated. Taking jurisdiction pursuant to Rule 47(e)(5), Rules of Supreme Court, 17A A.R.S., we affirm.

On June 14, 1976, defendant was convicted, following pleas of no contest, of two separate offenses, second degree burglary and unlawful use of food stamps. Defendant was placed on probation for each offense. One written condition of probation for each offense was that defendant "[a]t all times be a law-abiding citizen." On June 7, 1979, the trial court determined at a probation violation hearing that defendant had violated the above condition of his probations by committing grand theft on September 22, 1978. At a revocation hearing on June 27, 1979, defendant's probation was revoked, and defendant was sentenced to imprisonment for each offense for concurrent terms of eighteen months to three years.

Defendant's sole claim [1] on appeal is that there was insufficient evidence to support the trial court's finding that he had committed grand theft. An examination of the evidence at defendant's violation hearing reveals that this contention is without merit.

On September 22, 1978, at about 5:45 p. m., defendant was stopped by a group of store employees after he had walked out of a K–Mart in Phoenix carrying a television set. Defendant had not presented a delivery slip, given to customers at the time of purchase, to a store security officer. When stopped, defendant possessed no receipt. A store inventory control tag, normally removed when an appliance is purchased, was still on the television. A price tag, which is placed on display models, was found in defendant's pocket, and the assistant manager of the appliance department testified that a television set like the one in defendant's possession was discovered missing from the display shelf shortly after defendant was apprehended.

Defendant testified that he had purchased the television several weeks before the incident and that he had paid cash and had not obtained a receipt. He stated that he had brought the television back to the store for repairs but had decided to leave when he found no employees in the appliance department.

An investigator for the Public Defender testified that he had spoken by telephone to two witnesses who said they had seen a person whom they believed was defendant enter the store with a television before the incident occurred. The investigator also said, however, that the witnesses were behind the man with the television when they saw him and that he appeared to be accompanied by another man. Defendant testified that he had gone to the store alone. The investigator could not say how near the witnesses were to the man with the television when they saw him enter the store.

The credibility of defendant's explanation was weakened by evidence that the K–Mart had no record of having sold the television set or of defendant having purchased a television set at the store. There was also testimony that the television set was found to be in good working order and that defendant had told a store employee that his wife had the delivery slip. Defendant denied having made this last statement. The investigating police officer testified that defendant had first given him a false name and then had promised not to return to the store if he would "forget the whole thing."

■ A violation of probation must be proved by a preponderance of the evidence. Rule 27.7(b)(3), Rules of Criminal Procedure, 17 A.R.S. The conclusion of the trial court will be upheld unless it is arbitrary or unsupported by any theory of evidence. *See State v. LeMatty*, 121 Ariz. 333, 590 P.2d 449 (1979). Our recitation of the foregoing evidence adduced at defendant's violation hearing makes it apparent that the trial court was justified in concluding that defendant had committed grand theft.

Defendant claims that his explanation of his possession of the television, corroborated by two witnesses, was sufficient to negate the inference from the state's evidence that he had stolen the television. Defendant's testimony, that he had purchased the television, and the state's evidence, that he had not purchased it, were inconsistent, and the resolution of the inconsistencies depended on the credibility and reliability of the witnesses. This was ultimately a matter for the trial court. *Cf. State v. Espinoza*, 113 Ariz. 360, 555 P.2d 318 (1976).

We have examined the entire record and find no fundamental error. *See* A.R.S. § 13–4035(B); *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978). The revocation of probation and sentences are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.

---

1. Defendant filed a petition for post-conviction relief in the trial court after his notices of appeal had been filed. The petition alleged that his sentences had been improperly computed. That petition was withdrawn prior to the filing of briefs in this appeal upon defendant's motion through his appointed counsel.