NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN F. SPINELLI, *Appellant.*

No. 1 CA-CR 13-0630
FILED 04/24/2014

Appeal from the Superior Court in Maricopa County
No. CR2009-148745-001
The Honorable Justin McGuire, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

---

**J O N E S,** Judge:

**¶1** Defendant John Spinelli timely appeals from the trial court's March 21, 2013 orders reinstating his probation. After searching the record on appeal and finding no arguable question of law that was not frivolous, Spinelli's defense counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. Spinelli has been afforded an opportunity to file a supplemental brief *in propria persona*, and has not elected to do so. After reviewing the record, we find no error and therefore affirm the reinstatement of his probation.

**Background[1]**

**¶2** Stemming from an incident in July 2009, Spinelli pleaded guilty to aggravated assault, a class three felony. In October 2009, the trial court suspended the imposition of sentence and placed Spinelli on supervised probation for a term of five years. In late 2011, a petition to revoke probation was filed against Spinelli. At a violation hearing in June 2012, Spinelli admitted violating the conditions of his probation, and the trial court reinstated Spinelli's probation. One condition of his reinstated probation required Spinelli to self-surrender on December 1, 2012, and serve two months in jail.

**¶3** When Spinelli failed to self-surrender on the specified date, the probation department filed a second petition to revoke Spinelli's probation, alleging he violated that condition of his probation as well as several other conditions. A witness violation hearing was held, whereby

---

[1] We view the evidence in the light most favorable to upholding the trial court's findings that Spinelli violated the conditions of his probation. *See State v. Vaughn*, 217 Ariz. 518, 519 n.2, ¶ 2, 176 P.3d 716, 717 n.2 (App. 2008).

the State entered into evidence a signed "Review and Acknowledge Directive" that instructed Spinelli to enroll in domestic violence counseling. Spinelli enrolled as directed; however, Spinelli's probation officer testified that Spinelli did not complete the counseling, as the treatment center discharged him due to two unexcused absences and behavioral issues in group sessions (hostile and defensive participation). The probation officer also testified Spinelli had failed to self-surrender to the county jail on December 1, 2012, despite being (1) directed to do so in person, and (2) personally served with an order of confinement at his residence on November 28. Finally, the probation officer testified that a review of the court's financial records illustrated Spinelli had failed to make court ordered payments.

¶4         Spinelli also testified at the hearing. While providing various reasons for why he had not complied with his probation terms, Spinelli did not deny: failing to self-surrender on the required date, failing to make court ordered payments, or being discharged from the counseling center. He also testified that he understood the terms of his probation completely.

¶5         Following the conclusion of the hearing, the trial court found by a preponderance of the evidence Spinelli had violated four conditions of his probation: actively participate and cooperate in any program of counseling or assistance . . . ;[2] make court imposed fees and payments; and self-surrender to the county jail. Thereafter, the trial court reinstated Spinelli's probation, including the condition he serve two months in jail with credit for zero days served.

**Discussion**

¶6         After a diligent search of the entire record, Spinelli's counsel has advised this Court that he has found no arguable question of law. We have fully reviewed the record for reversible error, and we find none. *See Leon*, 104 Ariz. at 300, 300, 451 P.2d at 881.

¶7         A probation violation "must be established by a preponderance of the evidence." Ariz. R. Crim. P. 27.8(b)(3). We uphold a trial court's finding of a probation violation "unless it is arbitrary or unsupported by any theory of evidence." *State v. Moore*, 125 Ariz. 305,

---

[2] Two separate conditions of Spinelli's probation related to the undergoing and completion of domestic violence counseling.

306, 609 P.2d 575, 576 (1980). The witness violation hearing was conducted in compliance with Spinelli's constitutional rights and Arizona Rule of Criminal Procedure 27. The evidence presented at the hearing supported the trial court's findings that Spinelli violated the four conditions of his probation. Therefore, we affirm the reinstatement of Spinelli's probation.

**¶8** After the filing of this decision, defense counsel's obligations pertaining to Spinelli's representation in this appeal have ended. Spinelli's counsel need do no more than inform Spinelli of this appeal's outcome and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶9** Spinelli has 30 days from the date of this decision to proceed with an *in propria persona* petition for review, if he so wishes. *See* Ariz. R. Crim. P. 31.19(a). Upon our own motion, we also grant Spinelli thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

**Conclusion**

**¶10** We affirm the reinstatement of Spinelli's probation.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh