NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LANCE MYRON DAVIS, *Appellant.*

No. 1 CA-CR 14-0140

FILED 09-18-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201300005
The Honorable Derek C. Carlisle, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Ronald S. Gilleo
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

¶1 Lance Myron Davis appeals from the trial court's order revoking his probation and sentencing him to a mitigated seven month prison term. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Davis has not filed a supplemental brief. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Pursuant to a plea agreement, Davis was convicted in May 2013 of criminal trespass in the first degree, a non-dangerous, non-repetitive offense. *See* A.R.S. § 13-1504. The trial court suspended imposition of sentence, classified the offense as undesignated, and placed Davis on probation for three years. On November 7, 2013, the probation department filed a petition to revoke Davis' probation, alleging he had violated several conditions of probation. On November 27, 2013, the probation department filed a supplemental revocation petition, alleging additional violations.

¶3 After a contested probation violation hearing, the trial court found by a preponderance of the evidence that Davis had violated his probationary terms by failing to report to the probation department as directed, failing to provide samples for random urinalysis on six different occasions, failing to perform 100 hours of community restitution, failing to obtain prior approval before changing his residence, and committing the crime of aggravated assault in violation of A.R.S. § 13-1204(A)(3). The court deemed Davis' lack of prior felonies as a mitigating factor and imposed a mitigated seven month prison term, with 101 days of presentence incarceration credit. Davis filed a timely notice of appeal.

**DISCUSSION**

¶4        A violation of a condition of probation must be established by a preponderance of the evidence.  Ariz. R. Crim. P. 27.8(b)(3).  "The conclusion of the trial court will be upheld unless it is arbitrary or unsupported by any theory of evidence."  *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980).

¶5        The trial court's probation violation findings were well-grounded in the evidence.  The court received testimony from multiple witnesses concerning the aggravated assault, including the victim and the investigating officer.  The court also heard testimony from Davis' probation officer regarding the other alleged violations.  Davis did not offer any witnesses or evidence to contradict the State's evidence.  As such, the trial court's decision was supported by the evidence presented, and the sentence imposed was within the statutorily authorized range. *See* A.R.S. §§ 13-702, -1204.

**CONCLUSION**

¶6        We affirm the trial court's findings of probation violations, as well as the revocation of Davis' probation and the sentence imposed. Counsel's obligations pertaining to Davis' representation in this appeal have ended.  Counsel need do nothing more than inform Davis of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  On the court's own motion, Davis shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh