NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL S. COVEN *Appellant.*

No. 1 CA-CR 14-0150

FILED 10-09-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-133433-001
The Honorable J. Justin McGuire, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*


Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

<hr>

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

<hr>

**G O U L D**, Judge:

**¶1**      Daniel S. Coven ("Defendant") appeals the trial court's revocation of his probation.[1]

**¶2**      Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant also filed a supplemental brief in *propria persona.*

**¶3**      Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (West 2014).[2]

**¶4**      Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶5**      Defendant was found guilty by a jury of count one, resisting arrest, and count two, disorderly conduct.  At sentencing, the trial court ordered Defendant to serve a one-year probation term for each offense; the probation terms were ordered to be served concurrently.

<hr>

[1]      Defendant separately appealed his original convictions and sentences, which are currently pending on direct appeal in Case Number 1 CA-CR-13-0524.

[2]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

¶6          Following sentencing, Defendant reviewed and signed an acknowledgment of the terms and conditions of his probation.  However, within a few months of sentencing the Adult Probation Department ("APD") filed a petition to revoke Defendant's probation.  The petition alleged, in relevant part, that Defendant violated Condition Eleven of his probation, which provides:

> I [Defendant] will actively participate and cooperate in any program of counseling or assistance as determined by APD…I will sign any release or consent required by the APD so the APD can exchange information in relation to my treatment, behavior, and activities.

¶7          At the violation hearing, Defendant's probation officer testified that Defendant violated Condition Eleven by refusing to sign (1) a release of information form and (2) a directive regarding screening for anger management counseling.  At the conclusion of the hearing, the trial court found Defendant guilty of violating Condition Eleven of his probation.   At disposition, the trial court reinstated Defendant on probation, ordering him to serve eleven days incarceration as to count one, with no pre-sentence credit, and four days incarceration with credit for four days served as to count two.  Defendant filed a timely appeal.

## DISCUSSION

¶8          We review the record for fundamental error.  *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.  We will not reverse a trial court's determination that a defendant violated a term of probation unless the trial court's finding is "arbitrary and unsupported by any theory of the evidence."  *State v. Tatlow*, 231 Ariz. 34, 39-40, ¶ 15, 290 P.3d 228, 233-34 (App. 2012) (quoting *State v. Stotts*, 144 Ariz. 72, 79, 695 P.2d 1110, 1117 (1985)).  The State must prove a violation of probation by a preponderance of the evidence.  Ariz. R. Crim. P. 27.8(b)(3); *see also State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980).

¶9          A sentencing court may impose on a probationer such conditions as will promote rehabilitation.  Ariz. R. Crim. P. 27.1.   In addition, a probation officer may impose regulations on a defendant that are necessary to implement the conditions of probation imposed by the court. *Id*.

¶10          We conclude the trial court's determination that Defendant violated his probation is supported by the evidence.  Defendant refused to sign a release of information form and a directive to participate in anger

management screening as was required by Condition Eleven of his probation.

**¶11** Finally, Defendant claims he was wrongfully incarcerated on the original conviction because he was not provided with counsel and he did not waive his right to counsel. However, that issue has been raised in Defendant's currently pending appeal in Case Number 1 CA-CR-13-0524, and is not before us in this appeal; we only review issues related to the revocation of Defendant's probation.

## CONCLUSION

**¶12** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding that Defendant violated his probation. Defendant was present and represented by counsel at all critical stages of the revocation of probation proceedings. At disposition, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

**¶13** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in *propria persona* motion for reconsideration or petition for review.

**¶14** Accordingly, the trial court determination that Defendant violated his probation is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

4