NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANGELIQUE GONZALES, *Appellant*.

No. 1 CA-CR 14-0345
FILED 6-9-2015

Appeal from the Superior Court in Apache County
No.  S0100CR2013-00020, S0100CR2013-00244 (Consolidated)
The Honorable Gloria Kindig, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adriana M. Zick
*Counsel for Appellee*

Emily Danies, Tucson
By Emily Danies
*Counsel for Appellant*

<hr />

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

<hr />

**W I N T H R O P**, Presiding Judge:

¶1        Angelique Gonzales ("Appellant") appeals the superior court's finding that she violated a condition of her supervised probation and her subsequent placement on intensive probation. She argues the court abused its discretion in finding she violated her probation when she was arrested for committing new offenses. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY[1]**

¶2        In November 2013, Appellant pled guilty to one count of aggravated assault, a class three felony, in CR2013–00020, and one count of failure to appear in the first degree, a class five felony, in CR2013–00244. In exchange, the State dismissed all remaining counts in both cases and a third case in its entirety.

¶3        The superior court placed Appellant on concurrent terms of five years' probation in CR2013–00020 and three years' probation in CR2013–00244. The court imposed, and Appellant signed and agreed to abide by, Uniform Conditions of Supervised Probation, which included Conditions 1 and 13. Condition 1 provided: "I will maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity." Condition 13 provided: "I will obtain written approval of the [Adult Probation Department ("APD")] prior to associating with anyone I know who has a criminal record. I will not knowingly associate with any person engaged in criminal behaviors."

¶4        On February 27, 2014, Appellant's APD filed a petition to revoke her probation, alleging Appellant had violated (1) Condition 1 when

<hr />

[1]    We view the facts in the light most favorable to sustaining the superior court's determination, and resolve all reasonable inferences against Appellant. *See State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998).

she was arrested by the Apache County Sheriff's Department on February 12, 2014, for two counts of trafficking in stolen property, and (2) Condition 13 when she was arrested with a co-defendant, O.W., who was also engaged in criminal activity.

**¶5**　　　At the April 15, 2014 probation violation hearing, APD Officer Slade testified that, when Appellant was placed on probation, APD Officer Ross reviewed the written conditions of probation (including Conditions 1 and 13) with Appellant, who acknowledged she understood those conditions by initialing and signing the documentation. APD Officer Slade also testified that, following her placement on probation, Appellant had not obtained written approval to associate with anyone known to have a criminal record or engaging in criminal activity.

**¶6**　　　Officer Slade acknowledged no probation condition specifically prohibited a probationer from being arrested, but stated Condition 1, requiring "a crime-free lifestyle," is triggered when a probationer is arrested and a police report is forwarded to the probation department, or when criminal charges are filed. He explained the accompanying police report supported the violation allegation, and it was not the APD's practice to allege a Condition 1 violation unless a police report accompanied the arrest record. With regard to Condition 13, Officer Slade alleged Appellant had associated with O.W., with whom she was engaged in criminal activity when the two women were arrested.

**¶7**　　　Deputy Weller of the Apache County Sheriff's Office testified that, on February 12, 2014, he arrested Appellant for two counts of trafficking in stolen property and O.W. for theft. In investigating the case, Deputy Weller had obtained photographs from pawnshops in Pinetop and Holbrook that showed Appellant and O.W. pawning stolen property.[2] On cross-examination, Deputy Weller acknowledged he had no evidence Appellant had reason to know the property was stolen.

**¶8**　　　Appellant did not testify, but her counsel argued in closing that the mere fact a probationer is arrested is not a probation violation, and the State had failed to demonstrate anything beyond the fact of her arrest to show a violation of Condition 1. Defense counsel contended that, because an arrest is based on probable cause, Appellant's arrest was

---

[2]　　The police report and photographs were not made a part of the record on appeal. We presume any missing portions of the record support the superior court's ruling. *State v. Miles*, 211 Ariz. 475, 477 n.1, ¶ 4, 123 P.3d 669, 671 n.1 (App. 2005).

insufficient to meet the preponderance of the evidence standard required for the court to find a probation violation. With regard to Condition 13, defense counsel maintained that being arrested with O.W. was insufficient to prove she associated with someone engaged in criminal behavior. Moreover, counsel argued the court could not find that the photographs depicting Appellant and O.W. pawning items depicted criminal activity, absent further information the property had been stolen and Appellant was aware it was stolen.[3]

¶9             At the conclusion of the hearing, the superior court found Appellant violated Condition 1 when she was arrested on February 12, 2014.[4] At a disposition hearing on April 28, 2014, the court placed Appellant on intensive probation for the same length of time it had previously imposed supervised probation, excluding the time from February 12 to April 28, 2014. Consequently, Appellant's probation had a revised expiration date of February 13, 2019.

¶10            We have jurisdiction over Appellant's timely appeal. *See* Ariz. Const. art. 6, § 9; Ariz. Rev. Stat. ("A.R.S.") §§ 12–120.21(A)(1) (2003), 13–4031 (2010), 13–4033(A)(3) (2010).

**ANALYSIS**

¶11            Appellant contends the superior court erred in finding, by a preponderance of the evidence, that she violated Condition 1 of her conditions of probation. She argues her arrest for new offenses should not have triggered a "per se" violation of her probation.[5]

---

[3]      In her opening brief, Appellant characterizes defense counsel's arguments as "testimony." Arguments or statements of counsel are not evidence. *See State v. Abney*, 103 Ariz. 294, 295, 440 P.2d 914, 915 (1968).

[4]      The court, however, found no violation of Condition 13.

[5]      Appellant states the criminal case resulting from her arrest in February 2014 was subsequently dismissed without prejudice upon the State's motion. Although Appellant argues this dismissal means her arrest was "mistaken," and "based on incorrect assumptions by the police," the State's decision to seek voluntary dismissal of the new charges does not necessarily indicate the arrest lacked the necessary probable cause or the police relied on "incorrect assumptions." The State may have sought

**¶12** Probation revocation proceedings must be fundamentally fair, but are not subject to the requirements of a criminal trial. *State v. Sanchez*, 19 Ariz. App. 253, 254, 506 P.2d 644, 645 (1973). A court may consider any reliable evidence not legally privileged, including hearsay. *See Maricopa Cnty. Juv. Action No. J-83341-S*, 119 Ariz. 178, 182, 580 P.2d 10, 14 (App. 1978). In general, we review for an abuse of discretion a superior court's determinations with respect to probation revocation proceedings. *See id.*; *State v. Portis*, 187 Ariz. 336, 338, 929 P.2d 687, 689 (App. 1996). The State has the burden to establish a probation violation by a preponderance of the evidence. *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980); Ariz. R. Crim. P. 27.8(b)(3). We will uphold the court's finding of a probation violation unless that finding is arbitrary or unsupported by any theory of the substantial evidence. *Moore*, 125 Ariz. at 306, 609 P.2d at 576. It is for the superior court to resolve any conflicts in the evidence and to assess the credibility of witnesses. *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3, 996 P.2d 113, 114 (App. 1999).

**¶13** Under the facts presented here, the superior court did not abuse its discretion in concluding Appellant's arrest for trafficking in stolen property demonstrated she was not living "a crime-free lifestyle," as required by Condition 1. Officer Slade testified the allegation of a Condition 1 violation was based on Appellant's arrest, coupled with the statements set forth in the police report, and he confirmed he would not have filed a Condition 1 allegation unless he had a supporting police report. Deputy Weller testified that Appellant and O.W. were arrested together in St. Johns shortly after a crime had reportedly occurred. The subsequent investigation of the reported crime led to O.W.'s arrest for theft and Appellant's arrest for two counts of trafficking in stolen property after the deputy obtained photos of the two women pawning reportedly stolen property at pawn shops in Pinetop and Holbrook. Viewing these facts in the light most favorable to affirming, *see Greene*, 192 Ariz. at 436, ¶ 12, 967 P.2d at 111, a factfinder could reasonably infer that Appellant had sold the property to two different pawnshops in communities outside of St. Johns in an effort to make the property more difficult to trace, indicating she either

_____

dismissal for a variety of reasons unrelated to whether Appellant committed the acts alleged. Moreover, the charges were dismissed without prejudice. Accordingly, the criminal case's dismissal after Appellant was placed on intensive probation does not impact whether the superior court properly found the State demonstrated by a preponderance of the evidence that she violated her probation.

knew or acted in a reckless manner as to whether the property was stolen.[6] Thus, on this record, the superior court properly could have found that Appellant's arrest, coupled with the testimony of Officer Slade and Deputy Weller, demonstrated by a preponderance of the evidence that Appellant had violated Condition 1. *See State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984) (recognizing this court will affirm if the ruling was correct for any reason, even if that reason was not considered by the superior court). Accordingly, the superior court did not abuse its discretion in finding Appellant violated the terms of her probation.

## CONCLUSION

**¶14** The superior court's finding of a probation violation and order placing Appellant on intensive probation are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[6] The State was not necessarily required to show Appellant *knew* the pawned property was stolen; instead, the State was required to show she "recklessly traffic[ked] in the property of another that has been stolen." A.R.S. § 13-2307(A) (2010); *see also* A.R.S. § 13-105(10)(c) (Supp. 2014) ("'Recklessly' means . . . that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists."); *State v. Noriega*, 144 Ariz. 258, 259, 697 P.2d 341, 342 (App. 1984) (advocating a subjective test in which the State must prove the defendant knew or was aware of a substantial risk that the property was stolen). *Noriega* makes clear it is a lesser burden to prove recklessness than to prove a defendant acted knowingly. *See State v. Hurley*, 197 Ariz. 400, 403, ¶ 14, 4 P.3d 455, 458 (2000) ("[R]ecklessly is a lesser-included mental state of knowingly." (citation omitted)); *State v. DiGiulio*, 172 Ariz. 156, 161, 835 P.2d 488, 493 (App. 1992) ("Even though second degree trafficking requires the state to show that defendant acted recklessly, that culpable mental state was established by proof of a higher mental state, that he acted knowingly." (citation omitted)).