NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RAYMOND JAY CASTILLO,  *Appellant.*

No. 1 CA-CR 14-0730
FILED 8-13-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2014-108837-001
The Honorable Justin Beresky, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

D O W N I E, Judge:

¶1          Raymond Jay Castillo appeals from the revocation of his probation and corresponding prison sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Castillo was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

## FACTS AND PROCEDURAL HISTORY

¶2          Castillo pled guilty in February 2014 to failure to register as a sex offender, a class four felony. He was sentenced to lifetime probation. One of his terms of probation required Castillo to serve three months in jail and, upon release, to report to the probation department within 72 hours.

¶3          Castillo was released from jail in July 2014, but he failed to report to the probation department. Probation staff attempted to contact him at his last two known addresses and also tried unsuccessfully to contact his mother. The court thereafter issued a warrant for Castillo's arrest, and he was picked up on the warrant several days later.

¶4          After an evidentiary hearing, the court found by a preponderance of the evidence that Castillo had violated his terms of probation by failing to report to the probation department within 72 hours of his release from jail. The court revoked Castillo's probation and sentenced him to the presumptive term of 2.5 years' imprisonment, with 215 days of presentence incarceration credit.

## DISCUSSION

**¶5** A violation of a condition of probation must be established by a preponderance of the evidence.[1] Ariz. R. Crim. P. 27.8(b)(3). "The conclusion of the trial court will be upheld unless it is arbitrary or unsupported by any theory of evidence." *State v. Moore*, 125 Ariz. 305, 306, 609 P.2d 575, 576 (1980).

**¶6** The court heard testimony from Castillo's probation supervisor, who testified she had reviewed the terms of probation with Castillo, as well as from Castillo's probation officer, who testified about her efforts to reach Castillo upon his release from jail. The evidence established that Castillo failed to report to the probation department within 72 hours of his release from jail, as required. The superior court's decision was supported by the evidence presented, the sentence imposed was within the statutorily authorized range, and Castillo was awarded the proper amount of presentence incarceration credit. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-702, -3821, -3824(A).

## CONCLUSION

**¶7** We affirm the judgment of the superior court. Counsel's obligations pertaining to Castillo's representation in this appeal have ended. Counsel need do nothing more than inform Castillo of the status of his appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for

---

[1] Because Castillo appeals from the revocation of probation, we have no cause to review the underlying judgment of conviction. *See State v. Herrera*, 121 Ariz. 12, 14-15, 588 P.2d 305, 307-08 (1978) (appellant procedurally barred from attacking constitutional merits of original judgment of conviction in probation revocation matter).

review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Castillo shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: RT