NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

YAK MADUT YAK, *Appellant.*

No. 1 CA-CR 16-0874
FILED 10-3-2017

Appeal from the Superior Court in Maricopa County
No. CR 2002-016724
The Honorable John R. Doody, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1        Yak Madut Yak appeals the revocation of his probation and resulting prison sentence. After searching the record on appeal and finding no arguable, non-frivolous question of law, Yak's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel asks this court to search the record for fundamental error. Yak was informed of his right to file a supplemental brief, *in propria persona*. We have not received a brief. After reviewing the entire record, we find no fundamental error and affirm.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2        In 2003 Yak pleaded guilty to aggravated driving under the influence of intoxicating liquor or drugs, a class 4 felony. The trial court sentenced him to a term of four months' imprisonment and three years' probation.

¶3        Yak's standard probation began in October 2003. He was reinstated to five years of intensive probation in May 2006 and reinstated on standard probation for three years in April 2007. After Yak was released from prison in December 2015 on another matter, he continued serving his probation in this matter.

¶4        Yak's conditions of probation required him to reside in an adult probation department ("APD") approved residence and participate in approved counseling programs. Due to his failure to comply with the terms and conditions of his probation, APD filed a petition to revoke his probation.

---

[1] We view the facts in the light most favorable to upholding the trial court's finding of a probation violation. *See State v. Vaughn*, 217 Ariz. 518, n. 2 (App. 2008).

¶5　　　　At the revocation hearing, Yak's probation officer testified he provided written directives requiring Yak to report to an APD approved residence and counseling program. Yak acknowledged his understanding by signing the terms and conditions of his probation which were more fully set forth in the written directives. Yak did report, but failed to stay, at the APD approved residence, and failed to contact and participate in the counseling program.

¶6　　　　The trial court found that Yak violated probationary terms 4 and 10. The defendant waived any delay and the trial court proceeded to disposition. The court revoked Yak's probation and imposed the presumptive term of two and one half years in prison. Yak timely filed a notice of appeal.

## DISCUSSION

¶7　　　　We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Yak was represented by counsel at all stages of the proceedings. At the revocation hearing, the State presented evidence sufficient to find, by a preponderance, Yak violated the terms of his probation. It is not the function of this court to reweigh evidence. *See State v. Guerra*, 161 Ariz. 289, 293 (1989). Yak had an opportunity to speak at sentencing. Finally, the court weighed both aggravating and mitigating factors presented and Yak's sentence was within the range of permissible sentences for his offense. We will uphold a trial court's finding of a violation "unless it is arbitrary or unsupported by any theory of evidence." *State v. Moore*, 125 Ariz. 305, 306 (1980).

## CONCLUSION

¶8　　　　We affirm the trial court's probation violation finding and resulting sentence. Counsel's obligation pertaining to Yak's representation in this appeal has ended. Defense counsel need do nothing more than inform Yak of the status of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona

Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, we also grant Yak 30 days from the date of this decision to file an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA