NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ADRIAN CORNELIO SELBY, *Appellant*.

No. 1 CA-CR 23-0225
FILED 05-28-2024

Appeal from the Superior Court in Yavapai County
Nos.  V1300CR202180656
V1300CR202180657
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

**P A T O N**, Judge:

¶1 Adrian Selby appeals the superior court's orders revoking his probation and sentencing him to nine months in prison. Selby's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), *State v. Leon*, 104 Ariz. 297 (1969), and *State v. Rodriguez*, 19 Ariz. App. 120 (1973) (applying *Anders* procedure to probation revocation proceedings), advising this court that he reviewed the record and was unable to identify any arguable, non-frivolous question of law. Selby's counsel requests that we independently review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). Selby was provided an opportunity to file a pro se brief but did not do so. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 The State charged Selby with offenses that occurred on two separate occasions in 2021. The offenses were consolidated and in December 2021, Selby pled guilty to two counts of fraudulent use of a credit card, a class 6 designated felony in violation of Arizona Revised Statutes ("A.R.S.") Section 13-2105(A)(1). The superior court gave Selby credit for time served and sentenced him to three years' supervised probation. The court also ordered Selby to complete ten hours of community restitution within 30 days of its order. About two years later, Selby petitioned to modify the conditions of his probation because he did not make enough money to pay both his living expenses and the court fines and fees. The court granted his request and allowed Selby to reduce his financial obligations by completing community restitution hours.

¶3 In March 2023, Selby was arrested for suspicion of driving under the influence of alcohol and fleeing the scene of a car accident. Selby told the deputy that he drank eight shots of liquor before getting into another vehicle. A few days later, the probation department petitioned to revoke Selby's probation, alleging he had violated his probationary terms by failing to maintain a crime-free lifestyle.

¶4 The superior court held a probation violation hearing and revoked Selby's probation. The court sentenced him to two presumptive nine-month terms to run concurrently, with 96 days of presentence incarceration credit.

¶5 We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶6      We have reviewed and considered counsel's brief and reviewed the entire record for reversible error and find none. *Clark*, 196 Ariz. at 537, ¶ 30. A probation violation "must be established by a preponderance of the evidence[,]" Ariz. R. Crim. P. 27.8(b)(3), and we will affirm the superior court's finding of a probation violation "unless it is arbitrary or unsupported by any theory of evidence." *State v. Moore*, 125 Ariz. 305, 306 (1980).

¶7      Here, the court found that the State met its burden to prove the probation violation by a preponderance of the evidence. The record shows that the sentence imposed upon revocation of Selby's probation was within the permitted range in his plea agreement. Accordingly, the court acted within its discretion by revoking Selby's probation and sentencing him within the appropriate sentencing range. *See* A.R.S. § 13-917(B) (permitting the superior court to revoke probation and impose a prison term allowed by law).

¶8      Further, the proceedings did not violate Selby's constitutional or statutory rights and complied with the Arizona Rules of Criminal Procedure. Selby was represented by counsel at all stages of the proceedings, was present at all critical stages, and spoke at the sentencing hearing. We find no reversible error.

## CONCLUSION

We affirm the superior court's finding that Selby violated a condition of his probation, its decision to revoke his probation, and to impose the resulting sentence. Upon filing of this decision, Selby's counsel shall inform him of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Selby has 30 days

from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV